UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>ARAGON ADVERTISING, LLC,<br>CLEARLINK INSURANCE AGENCY,<br>LUKA ARUTYUNYAN, HUMANA INC.,<br>AETNA INC., John/Jane Does 1-5,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No.<br>§  1:20-cv-1318<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Plaintiff Craig Cunningham, by undersigned counsel, hereby submits this Complaint against all Defendants for violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act of 1991 ("TCPA").

**Plaintiff's Original Complaint and Jury Demand**

**PARTIES**

1. Plaintiff is Craig Cunningham, a natural person who was present in Texas for all calls, in this case in Collin County.

2. ARAGON ADVERTISING, LLC, is a New York corporation operating from 45 Main St., #816, Brooklyn, NY 11201.

3. ARAGON ADVERTISING, LLC can be served via New York State Department of State at its process address at 213 W 35th St., #806, New York, NY, 10001.

4. CLEARLINK INSURANCE AGENCY, is a Utah corporation that is located at 5202 W Douglas Corrigan Way, Ste 300, Salt Lake City, UT 84116-3281.

5. CLEARLINK INSURANCE AGENCY can be served via its registered agent PARACORP INCORPORATED at 1108 E South Union Avenue, Midvale, UT 84047.

6. LUKA ARUTYUNYAN is a natural person residing at 11301 S Bell Ridge Drive, Sandy, UT 84094-5414.

7. LUKA ARUTYUNYAN is an agent and/or broker of Defendants.

8. HUMANA INC. is a Kentucky corporation headquartered at 500 West Main Street, Louisville, KY 40202.

9. HUMANA INC. can be served via its registered agent Corporation Service Company at 421 West Main Street, Frankfort, KY 40601.

10. AETNA INC. is a Connecticut corporation with a business address at 151 Farmington Avenue, Hartford, CT 06156.

11. AETNA INC. can be served via its registered agent C T Corporation System at 67 Burnside Avenue, East Hartford, CT 06108-3408.

12. John/Jane Does 1-5 are other liable parties currently unknown to Plaintiff.

**JURISDICTION AND VENUE**

13. <u>Jurisdiction</u>.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. §1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

14. <u>Personal Jurisdiction.</u>  This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of Defendants and

involved a New York based company telemarketing Medicare supplement plans to Texas based consumers, including Plaintiff.

15. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact.

16. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 112 because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Plaintiff—occurred in this District and because one of the Defendants resides in this District.

17. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

18. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

19. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

20. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without

the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

21. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

22. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

23. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

24. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

25. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

26. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be

---

[1]*See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

27. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

28. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

29. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

30. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any

courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

31. This case relates to unsolicited telemarketing calls to Plaintiff to sell HumanaChoice PPO and Aetna Medicare Choice PPO plans for the benefit of all the named defendants in this case.

### Calls to Plaintiff

32. Upon information and belief, Plaintiff received multiple calls from a variety of spoofed caller ID's that contained a pre-recorded message and were initiated using an automated telephone dialing system. The calls were on behalf of the named defendants. The calls had a delay of 3-4 seconds of dead air before the pre-recorded message began indicating the calls were initiated using an ATDS. The calls were to ***-***-1977

33. Upon information and belief, the calls contained a pre-recorded message and the caller ID was spoofed, and Plaintiff alleges the following calls below at a minimum:

| Date of the call | Originating phone number |
|---|---|

| | |
|---|---|
| 8/1/2019 | 900-355-4267 |
| 8/5/2019 | 615-865-1224 |
| 8/27/2019 | 615-348-4369 |
| 9/12/2019 | 615-391-2679 |
| 9/25/2019 | 615-325-1519 |
| 9/25/2019 | 615-325-1148 |
| 9/25/2019 | 888-770-7189 |
| 9/27/2019 | 615-348-4479 |
| 9/27/2019 | 888-770-7189 |
| 10/28/2019 | 900-355-4267 |
| 10/29/2019 | 757-820-3717 |

34. Upon information and belief, on or about October 28, 2019, Plaintiff was transferred to Defendant Clearlink Insurance Agency's agent and/or broker Luka Arutyunyan, who:

    (i)  discussed with Plaintiff at length and

    (ii) emailed Plaintiff documents related to

    the Medicare supplement plans telemarketed and sold by and for Defendants.

35. Upon information and belief, the calls made by Defendants were not related to any emergency purpose.

36. Upon information and belief, Defendants did not have an internal do not call policy, did not place Plaintiff on an internal do not call policy, in violation of 47 CFR

64.1200(d). At the time of the alleged telephone calls, Defendants also failed to properly identify themselves.

37. Upon information and belief, Plaintiff has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

38. Upon information and belief, each call was sent by an ATDS.

### Injury, Harm, Damages, and Actual Damages As a Result of the Calls

39. Upon information and belief, Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

40. Upon information and belief, Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

41. Upon information and belief, Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

42. Upon information and belief, Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

43. Upon information and belief, Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

   (i)    reduced device storage space;
   (ii)   reduced data plan usage;
   (iii)  lost time tending to unwanted text messages and calls;\
   (iv)   decreased cell phone battery life and usage as well as the need for more

   frequent re-charges of the battery;

(v)  decrease in enjoyment and usage of Plaintiff's cell phone;

(vi)  annoyance;

(vii)  frustration, and

(viii)  anger.

**Violations of the Texas Business and Commerce Code 305.053**

44. Defendants' actions violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls by the defendants violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

45. The calls by the defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

**Defendants ARAGON ADVERTISING, LLC, CLEARLINK INSURANCE AGENCY and LUKA ARUTYUNYAN Knowingly and Willfully Violated Telemarketing Regulations**

46. Upon information and belief, Defendants ARAGON ADVERTISING, LLC, CLEARLINK INSURANCE AGENCY and LUKA ARUTYUNYAN knowingly violated the TCPA by initiating automated calls with pre-recorded messages to Plaintiff.

47. Upon information and belief, Defendants ARAGON ADVERTISING, LLC, CLEARLINK INSURANCE AGENCY and LUKA ARUTYUNYAN did not have a written do-not-call policy while making unsolicited telemarkting calls to Plaintiff.

48. Upon information and belief, Defendants ARAGON ADVERTISING, LLC, CLEARLINK INSURANCE AGENCY and LUKA ARUTYUNYAN did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

49. Upon information and belief, Defendants ARAGON ADVERTISING, LLC, CLEARLINK INSURANCE AGENCY and LUKA ARUTYUNYAN calls did not provide Plaintiff with the name of the individual caller or the name of the person or entity on whose behalf the calls were being made.

**Plaintiff's cell phone is a residential number**

50. Upon information and belief, the telephone call were made to Plaintiff's cellular phone \*\*\*-\*\*\*-1977 which is Plaintiff's personal cell phone that he uses for personal, family, and household use.

51. Upon information and belief, Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family.

52. Upon information and belief, Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages.

53. Upon information and belief, Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

54. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

55. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent.

56. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

58. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

**Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))**

**(Against All Defendants)**

59. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a) a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1); [2]

   b) training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

   c) in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

61. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

62. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

63. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

### III. THIRD CLAIM FOR RELIEF

### Violations of The Texas Business and Commerce Code 305.053

64. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 305.053, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

66. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. Texas Business and Commerce Code 305.053(b).

67. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. Texas Business and Commerce Code 305.053(c).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A.   Leave to amend this Complaint to name additional DOEs as they are identified and to conform to the evidence presented at trial;

B.   A declaration that actions complained of herein by Defendants violate the TCPA;

      C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

      D.      An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 11 calls.

      E.      An award to Plaintiff of damages, as allowed by law under the TCPA;

      F.      An award to Plaintiff of damages, as allowed by law under the Texas Business and Commerce Code 305.053(b);

      G.      An award to Plaintiff of interest, costs and attorneys' fees, as allowed by law and equity;

      H.      Such further relief as the Court deems necessary, just, and proper.

Dated:  Brooklyn, New York
March 9, 2020

Respectfully submitted,

_____
Galina Feldsherova (GF-7882)
KOPELEVICH & FELDSHEROVA, P.C.
Attorneys for Plaintiff
241 37th St., Ste B439
Brooklyn, NY 11232
718-332-0577